UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

CORE COMMUNICATION, INC., a Delaware corporation,

    Plaintiff,

v.

HENKELS & MCCOY, INC., a Pennsylvania corporation; and DOES 1 through 50,

    Defendants.

No. 2:16-cv-02787-MCE-KJN

**MEMORANDUM AND ORDER**

---

On August 31, 2016, Plaintiff Core Communication, Inc. ("Plaintiff") filed this action in state court on grounds that Defendant Henkels & McCoy, Inc. ("Defendant") breached the terms of a construction subcontract agreement between the parties for work performed in Amador County, California. Defendant subsequently removed the case to this Court on November 23, 2016, citing diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff now moves to remand, arguing that this Court should abstain from exercising jurisdiction since the case presents only issues of state law. For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

///

---

[1] Having concluded that oral argument was not of material assistance, the Court submitted this matter on the briefs in accordance with Local Rule 230(g).

1

## BACKGROUND

This litigation stems from a project to install underground fiber optic cable in Amador County. Compl, ¶ 10. Defendant was the contractor, and Plaintiff acted as a subcontractor pursuant to the terms of a written subcontract. See Subcontract Agreement, Ex. A to Pl.'s Compl. Plaintiff alleges that it is owed some $224,791.85 on the contract, and further seeks a judicial determination that specific parts of the subcontract violate applicable California law, are contrary to California public policy, and are therefore void and unenforceable. More specifically, Plaintiff alleges that provisions in the subcontract making its payments contingent upon payment to Defendant for the work performed violates California law, since such "pay if paid" provisions have been rejected by applicable case law.[2] Plaintiff further contends that the subcontract's forum selection and choice of law provisions are also contrary to California law pursuant to California Code of Civil Procedure § 410.42, which prohibits enforcement of construction contract provisions that require disputes between contractors and California subcontractors to be litigated outside California.

As indicated above, Defendant removed this matter here on November 23, 2016, and Plaintiff subsequently filed the motion to remand now before the Court.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court

---

[2] Plaintiff cites Wm. R. Clarke Corp. v. Safeco Ins. Co., 15 Cal. 4th 882 (1997) and Capitol Steel Fabricators, Inc. v. Mega Constr. Co., 58 Cal. App. 4th 1049 (1997) in support of that proposition.

has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

In moving for remand, Plaintiff urges the Court to abstain from exercising diversity jurisdiction over this matter on grounds that the instant dispute is over payment for work that took place in Amador County, and that the dispute should be resolved in California courts since it involves the interpretation of California law and was initially filed in state court.[3]

Under diversity jurisdiction, however, as indicated above, a defendant is entitled to remove any case filed against it, provided that the defendant is not a citizen of the

---

[3] While Plaintiff also ostensibly argues that Defendant is a "California contractor," the Notice of Removal makes it clear that Defendant is a corporation formed under the state of Pennsylvania with its principal place of business located in Pennsylvania, which Defendant claims makes it a citizen of Pennsylvania for diversity purposes. Notice of Removal, ECF No. 1-1, 2:21-27.

1 | state in which the action is brought and the amount in controversy exceeds $75,000.
2 | See 28 U.S.C. § 1441(b)(2); 28 U.S.C. § 1332(a).  Neither of these prerequisites for the
3 | exercise of diversity jurisdiction is disputed here.
4 | Instead, as Defendant notes, Plaintiff in essence asks the Court to deny
5 | Defendant's right to a federal forum simply because Plaintiff's claims implicate state law
6 | issues and therefore, according to Plaintiff, a state court would consequently be better
7 | suited to adjudicate the parties' dispute.  Plaintiff's arguments in favor of abstention on
8 | those grounds, however, lack merit.
9 | Plaintiff initially argues, citing Burford v. Sun Oil Co., 319 U.S. 315, 327 (1943),
10 | that exercising federal jurisdiction here would precipitate needless conflict with state
11 | administrative procedures.  According to Plaintiff, so-called Burford abstention is
12 | necessary in order to avoid disrupting "state efforts to establish a coherent policy with
13 | respect to a matter of substantial public concern." Colorado River Water Conservation
14 | Dist. v. United States, 424 U.S. 800, 814 (1976).  Courts view abstention under this
15 | doctrine as appropriate so as to "avoid resolving difficult state law issues involving
16 | important public policies or avoid interfering with state efforts to maintain a coherent
17 | policy in an area of comprehensive regulation or administration." American Disposal
18 | Services., Inc. v. O'Brien, 839 F.2d 84, 87 (2d Cir. 1988).
19 | Plaintiff summarily contends that its subcontract's compliance with state law, with
20 | respect to both its payment and venue provisions, "are issues subject to specific
21 | California statutory and regulatory schemes and involving complex state administrative
22 | processes." Pl.'s Mot., 5:17-22.  Plaintiff fails to explain why this is so, and identifies no
23 | state proceeding, determination or order with which this Court could possibly interfere.
24 | Indeed, to the extent this lawsuit involves straightforward breach of contract claims, as
25 | well as a single cause of action involving California Code of Civil Procedure § 410.42, no
26 | difficult questions of state law appear to be present.  It is beyond dispute that federal
27 | courts adjudicate such claims by way of their diversity jurisdiction on a routine basis.
28 | ///

Plaintiff's second contention is equally unavailing. In that argument, Plaintiff cites so-called Younger abstention, which provides that a federal district court should abstain from hearing a federal case where that case interferes with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 40-41 (1971). Under Younger, abstention is appropriate when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." See, e.g., Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010). Plaintiff makes the improbable argument that the underlying state case as it stood prior to removal satisfies the "ongoing" state proceeding, and again makes the unsubstantiated claim that "the state proceedings implicate important state interests with respect to the regulation of out of state contractors and public policy issues regarding the regulation of out of state contracts and the application of Code of Civ. Proc. § 410.42." Pl.'s Mot., 6:16-18. As an initial matter, the original state lawsuit cannot qualify as an ongoing state proceeding since that action was stayed once Defendant removed the lawsuit here.[4] Additionally, with respect to the regulation of out of state contractors, or the underlying contractual claims involved in this matter, Plaintiff has provided no explanation whatsoever as to why this Court is any less qualified to hear this matter than a state court and has offered no reason why this Court cannot properly apply California law in doing so, particularly since the issues here are neither novel nor difficult.

Abstention should be invoked only under narrow circumstances, and the Supreme Court has made it clear that federal courts must exercise their jurisdiction unless "exceptional" circumstances are present. See Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). Deciding whether to abstain under such circumstances is a matter relegated to the Court's discretion. See Fireman's Fund Ins. Co. v.

---

[4] Finding otherwise would invite Younger abstention in virtually any case removed from state court simply because the lawsuit had initially been commenced in state court. That sweeping contention cannot possibly comport with the caution with which abstention should be applied only in the most exceptional circumstances. See infra.

Quackenbush, 87 F.3d 290, 294 (9th Cir. 1996). Here, no such exceptional circumstances have been identified, and this Court determines that it must accordingly exercise the diversity jurisdiction with which it has been conferred. Plaintiff's request for remand therefore fails.[5]

## CONCLUSION

Based on all the foregoing, Plaintiff's Motion to Remand (ECF No. 4) is DENIED.

IT IS SO ORDERED.

Dated: June 29, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] On a related matter, the Court also rejects any suggestion by Plaintiff that Defendant's very removal of the case to this Court avoids the venue protections offered by § 410.42. Plaintiff appears to argue that by so removing, Defendant subverts the provisions of the statute which voids any contract that purports to prevent a party from commencing "a proceeding or obtaining a judgment or other resolution in this state or the courts of this state." Code of Civ. P. § 410.42(a)(2); see Pl.'s Mot., 3: 23-25. First, this Court does sit within the State of California, and secondly, it is routinely required to apply California law in diversity cases in any event.